UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHAD WILLIAMS
2920 N. 26th St.
Milwaukee, WI 53206

   Plaintiff,

Case No.: **19-C-0847**

v.

FORT DEARBORN CO.
1530 MORSE AVE.
ELK GROVE VILLAGE IL 60007

PLAINTIFF'S COMPLAINT FOR DISCRIMINATION UNDER
TITLE VII

Now before the Court comes the Plaintiff Chad Williams who states the following:

1. Chad Williams is an adult resident of Milwaukee County and resides at 2920 N. 26th St. Milwaukee WI 53206.

2. Fort Dearborn Co is a domestic business with it's principal office located at 1530 Morse Ave. Elk Grove Village, IL 60007.

3. NCL Graphic Specialties is a division of the Defendant with it's principal office at N29W22960 Marjean Ln Waukesha WI 53186.

4. Mr. Williams is a present employee of the Defendant and has worked as a "Cutting Operator" for Defendant's division of NCL Graphics(hereinafter Defendant) since June of 2008.

1

5. During his time with the Defendant the Mr. Williams never had any significant disciplinary infractions.

6. His reviews as a cutter operator were very positive throughout the duration of his employment.

7. In January of 2018 two team lead positions became open within the Cutting Department and Mr. Williams applied for a position as a team lead.

8. Shortly thereafter Mr. Williams learned that the positions had been given to two other employees named Laura, who had worked for the Defendant for 8 years, and Bill, who worked for the Defendant than 5 years.

9. Compared to both employees Chad had worked for the Defendant for a longer period of time and prior to the promotions Chad was able to run more types of machines than the employees promoted.

10. Mr. Williams is able to run the flat bed machine, primary cutter, dye cutter 1-3(each are different machines and different sizes) and the round corner machines. In addition Mr. Williams is able to run the "auto trim."

11. In contrast Laura and Bill have been able to operate the primary cutter. When they run other machines, other employees have to assist them.

12. Typically a team lead would know how to use every machine. This is an essential function because team leads need to be able to fill any vacant position should an employee call in sick or be absent. In addition team leads are responsible for training new employees, neither Laura nor Bill would be capable of training new employees on the other machines for which they would be responsible.

13. When Mr. Williams approached production manager John Hitesman about these promotions he informed Mr. Williams that he needed the intelligence of the employees promoted. This justification is a pre-textual, neither employee were as qualified as Mr. Williams and one year later neither employee is fully capable of performing all of the functions of team lead.

CLAIM I: DISPARATE TREATMENT BASED ON RACE:

14. Plaintiff incorporates by reference paragraphs 1 through 13.

15. Neither Laura nor Bill were as qualified for the position of team lead as Mr. Williams and neither employee had as much seniority.
16. When the Defendant promoted less qualified personnel over Mr. Williams they discriminated against him on the basis of race.

*Wherefore the Plaintiff requests the following relief:*

A. Full back pay and compensatory damages.

B. Damages for emotional distress and punitive damages.

C. Reasonable Attorney's fees.

D. Whatever relief this Court deems just.

*Dated this 6th day of June 2019.*

*Chad Williams*

*Plaintiff*

Chad Williams